**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Anthony Brenton Hendricks,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-13-2252-PHX-JAT (JFM)

**Report & Recommendation**
**on Petition for Writ of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Tucson, Arizona, filed a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 7, 2014 (Doc. 9).  On July 16, 2014 Respondents filed their Response (Doc. 13).  Petitioner has not filed a reply.  On October 20, 2014, Respondents filed a supplement to the record (Doc. 15).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

Petitioner fired four shots at the victim's vehicle, as they drove down the freeway, striking and injuring the victim. When arrested, Petitioner was found with marijuana, methamphetamine, and various paraphernalia.  (Exhibit A, Pre-Sentence Investigation at 1.) (Exhibits to the Answer, Doc. 13, are referenced herein as "Exhibit [A-Q]"  Exhibits

1

R and S are attached to Respondent's Supplement, Doc. 15.)

Petitioner was indicted in Maricopa County Superior Court on charges of aggravated assault, weapons misconduct, endangerment, drive by shooting, discharge of a firearm, possession of dangerous drugs, and marijuana possession. (Exhibit C, Indictment.) The state filed allegations of two prior convictions. (Exhibit Q.)

Petitioner, who was represented by counsel, eventually entered into a written Plea Agreement (Exhibit D), agreeing to plead guilty to one count of drive by shooting, and one count of possession of dangerous drugs, with a stipulated sentence of 8 to 12 years in prison on the shooting charge, and probation on the drugs charge.

On December 21, 2011, Petitioner was sentenced to an aggravated term of 12 years on the shooting charge, and a consecutive term of 3 years probation on the drugs charge. (Exhibit E, Sentence.)

### B. PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal. (2nd Amend. Petition, Doc. 9 at 2.) Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

### C. PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Proceeding** – On March 6, 2012, Petitioner filed a Notice of Post-Conviction Relief. (Exhibit F, Notice.) Counsel was appointed. (*Id.* at ME 3/12/12.) On September 7, 2012, counsel filed a Notice of Completion of Review (*id.* at Not. Completion), evidencing an inability to find an issue for review.

In response, on September 27, 2012, Petitioner filed a second Notice of Post-Conviction Relief (*id.* at PCR Not.). Petitioner raised claims of ineffective assistance based on failure to present Petitioner's mental disability at sentencing, and failure to object to the use of Petitioner's priors at sentencing.

On January 18, 2013, the PCR Court denied the petition. (Exhibit G, M.E. 1/18/13.)

On February 19, 2013, Petitioner filed a Request for Rehearing (Exhibit H). Although the document bears a filing stamp with the date of October 30, 2013, the PCR court's minute entry reflects that the request was filed February 19, 2013, but was apparently lost in the court. The court denied the request to avoid disrupting the then pending petition for review. (Exhibit I, ME 10/1/13.)

In the interim, on September 11, 2013, Petitioner filed a "Notice of Appeal" asserting that reliance on his prior conviction was a violation of double jeopardy. (Exhibit J). On December 2, 2013, the notice was dismissed for failure to identify the order or judgment appealed from, and that any appeal from the sentence was untimely. (Exhibit K Order 12/2/13.)

**Second PCR Proceeding** - On October 30, 2013, while his Notice of Appeal" was pending, Petitioner commenced his second PCR proceeding by filing a Petition for Post-Conviction Relief (Exhibit L), listing claims of ineffective assistance, double jeopardy, newly discovered evidence, use of an unconstitutional prior conviction, and improper sentence.

Counsel was again appointed, but on January 15, 2014, counsel filed a Notice of Completion (Exhibit M) evidencing an inability to find an issue for review. Petitioner was granted leave to file a pro per petition by March 17, 2014. (Exhibit N, M.E. 1/30/14.) On March 18, 2014, Petitioner filed a Notice of Post-Conviction Relief and a form Petition for Post-Conviction Relief, again listing claims of ineffective assistance, double jeopardy, newly discovered evidence, detention after expiration of his sentence, and use of an unconstitutional prior conviction. On September 4, 2014, the PCR court entered an order construing the Petition as asserting a claim of ineffective assistance of PCR counsel for failing to raise his substantive claims in the first PCR proceeding. The court found each of the underlying substantive claims to be without merit, thus an absence of ineffective assistance, and summarily dismissed the petition and proceeding.

(Exhibit S, Order 9/4/14.)

Petitioner has not sought further review.

### D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 4, 2013 (Doc. 1). He filed the same document again on December 4, 2013 (Doc. 3). The Court dismissed the original Petition (Docs. 1 and 3) without prejudice and with leave to amend because of failure to utilize the approved form.

On January 16, 2014, Petitioner filed his first Amended Petition (Doc. 6), which the Court dismissed with leave to amend based upon Petitioner's failure to specify a claim founded upon a constitutional right, but simply asserted a double jeopardy violation.  (Order 3/20/14, Doc. 8.)

On April 7, 2014, Petitioner filed his Second Amended Petition (Doc. 8) (hereinafter "Petition").  Petitioner's Petition asserts two grounds for relief:  "In Ground One, Petitioner alleges that his Fifth and Sixth Amendment rights were violated because he received an aggravated sentence due to 'a prior felony that was to[o] old.' In Ground Two, Petitioner alleges that his sentence was '[a] clear violation of [his] 5th Amendment rights, Double Jeopardy Clause.' "  (Order 6/13/14, Doc. 10 at 2.)

**Response** - On July 26, 2014, Respondents filed their Response ("Limited Answer") (Doc. 13).  Respondents argue that both claims are procedurally defaulted.

**Reply** – Petitioner has not filed a reply, and the time to do so expired on Thursday, August 28, 2014.  (*See* Order 6/13/14, Doc. 10 at 4.)

**Supplement** – In an Order filed October 17, 2014, the Court observed that Petitioner had, at the time of the Answer, ongoing post-conviction relief proceedings pending in the state courts.  Respondents were directed to supplement the record with new ruling or filings in that proceeding.  On October 20, 2014, Respondents filed their Supplement ("Response to Court Order") (Doc. 15), providing two recent orders by the

PCR Court (Exhibits R and S).

### III. APPLICATION OF LAW TO FACTS
### A.  EXHAUSTION & PROCEDURAL DEFAULT

Respondents argue that Petitioner's claims were never fairly presented to the state courts, his state remedies were not properly exhausted and are now procedurally defaulted, and thus his claims are barred from federal habeas review.

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

/ /

/ /

**2. Application to Petitioner's Claims**

Petitioner asserts that his claims in Grounds One and Two were presented to the Arizona Court of Appeals in his direct appeal. However, as noted hereinabove, Petitioner neither filed a direct appeal, nor was he entitled to do so.

Moreover, Petitioner's only foray to the Arizona Court of Appeals was a failed filing following his first PCR proceeding, his "Notice of Appeal" (Exhibit J). Even assuming such filing presented Petitioner's current federal claims, it was not fair presentation because Petitioner failed to timely seek a direct appeal from the sentence or to specify what other order he sought to have reviewed. (*See* Exhibit K, Order 12/2/13.) "A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Petitioner's belated and non-specific "Notice of Appeal" was not the proper vehicle to seek review of his PCR proceeding.

Moreover, his "Notice of Appeal" failed to identify any federal basis for his claim. Petitioner simply asserted that his sentence was "unconstitutional and in violation of my Double Jeopardy rights." (Exhibit J at 3.) Failure to alert the state court to the constitutional nature of the claim will amount to failure to exhaust state remedies. *Duncan v. Henry*, 513 U.S. at 366. While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*). "In this circuit, the petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). *See also Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) ("Full and

fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee ").

Petitioner's broad reference to his sentence being "unconstitutional" was not adequate to identify a federal claim. "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).  For example, "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

Nor was Petitioner's unadorned referenced to a double jeopardy violation sufficient to fairly present a federal claim.  The Arizona constitution also provides that a person shall not be "twice put in jeopardy for the same offense." *See* Ariz. Const. art. II, § 10.  "[R]aising a state claim that is merely similar to a federal claim does not exhaust state remedies." *Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005).

It is true that the Arizona courts of appeal have a history of summarizing the Arizona double jeopardy protections to be "coextensive" with the federal protections. *See e.g. Brodsky v. State*, 218 Ariz. 508, 510, n.1, 189 P.3d 1081, 1083, n.1 (Ct.App. 2008).  However, that conclusion appears to rest upon a more limited statement by the Arizona Supreme Court that the Arizona Constitutions' double jeopardy provision provides the same protection against multiple prosecutions as the federal Fifth Amendment.  *See State v. Minnitt*, 203 Ariz. 431, 437, 55 P.3d 774, 780 (2002).  That limited language would not cover other double jeopardy protections under the Fifth Amendment.   The federal Double Jeopardy Clause incorporates three separate guarantees: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 306- 07 (1984).  *See e.g. Witte v. United States*, 515 U.S. 389, 398 (1995) (discussing and rejecting Double Jeopardy claim based upon consideration at sentencing

of activity considered at sentencing for a separate crime). Petitioner proffers no authority to show that the Arizona and federal protections are coextensive with regard to multiple punishments for the same offense, which is the heart of the claim he now asserts.

"[W]e cannot assume federal claims were impliedly brought by virtue of the fact that they may be 'essentially the same' as state law claims. If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Casey v. Moore*, 386 F.3d 896, 914 (9th Cir. 2004) (citations omitted).  Further, Petitioner bears the burden of showing an identity between the state and federal claims.  *Id*.  And, the burden of proof of such identity is high. "In the absence of an affirmative statement by the [state supreme court] that it considers a particular state and federal constitutional claim to be identical, rather than analogous ... Petitioner was required to raise his federal claims affirmatively; we will not infer that federal claims have been exhausted." *Fields v. Waddington*, 401 F.3d 1018, 1024 (9th Cir. 2005).   Here, no such statement has been made by the Arizona Supreme Court.

Thus, both because Petitioner's "Notice of Appeal" was procedurally deficient, and because it failed to identify the federal nature of his claims, it was not sufficient to fairly present his claims to the Arizona Court of Appeals.  Thus Petitioner has not properly exhausted his state remedies on his federal claims.

### 3.  Procedural Default

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely exclusively upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a).  (Answer, Doc. 13 at 8-9.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, no provision is made for a successive direct appeal. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Post-Conviction Relief** – Under Arizona's waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."   Ariz.R.Crim.P. 32.2(a)(3).   Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, ' 'knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id*.  That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.

Here, none of Petitioner's claims are of the sort requiring a personal waiver.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed

9

"within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). See Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
>   (1) The newly discovered material facts were discovered after the trial.
>   (2) The defendant exercised due diligence in securing the newly discovered material facts.
>   (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the

10

state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Here, Petitioner has long ago asserted the facts underlying his claims. Paragraph (f) has no application where the petitioner filed a timely notice of post-conviction relief. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's claims are all now procedurally defaulted.

## B. CAUSE AND PREJUDICE

If the habeas petitioner has procedurally defaulted on a claim, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner proffers no cause to excuse his procedural default. The undersigned finds no basis a finding of such cause.

Both "cause" and "prejudice" must be shown to excuse a procedural default,

11

although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or any purported "prejudice" to find an absence of cause and prejudice.

### C. ACTUAL INNOCENCE AS CAUSE

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

Petitioner makes no assertion of his actual innocence. Accordingly his procedurally defaulted claims must be dismissed with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. The undersigned finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Second Amended Petition for Writ of Habeas Corpus, filed April 7, 2014 (Doc. 9) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings

and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: January 20, 2015

13-2252r RR 14 09 18 on HC.docx

James F. Metcalf
United States Magistrate Judge